May it please the court, Gary Yerman on behalf of Petitioner. The Petitioner is alleging today that the BIA abused its discretion in failing to provide sufficient reasoning for its decision in the motion to reopen filed by my client. The BIA's analysis is both arbitrary and contrary to law. The BIA simply stated that the mistreatment of some underground church members has been a long-standing problem, including at the time of the respondent's 1999 hearing. This conclusionary, conclusory statement is insufficient and as I mentioned contrary to law. But that's not all they did. The board also talks about these U.S. reports and makes reference to incrementally stricter enforcement of restrictions. What level of specificity do you contend is needed when we have said in Zhang that we are not holding the board has to expressly parse or refute on the record each individual argument or piece of evidence? I believe what analysis needs to be done is an analysis that provides this court with but that the BIA has heard and thought and not merely reacted. The conclusionary statements, though mentioning the State Department reports, does not provide an analysis where the court can look and determine whether or not a meaningful review has been provided. For example, the reports do indicate that there's been an incremental increase in persecution against Christians. But it fails to mention anything about the 2005 regulations against Christians. It fails to provide any analysis regarding the 2008 increase in persecution and the words increase in persecution were mentioned between 2007 and 2009. Are you referring to information from the China Aid reports? No, I'm referring to the State Department reports. Well, but go ahead and say it. Where words such as an increase in religious persecution are mentioned. The China Aid report, the NGO reports, which do mention percentages and increase rates and so on and so forth, along with the laws of China and other news articles, those are reports that just will fail to be commented on. But before we get to that, I would like to address the State Department reports, which the BI mentions, but fails to thoroughly analyze. Why isn't that sufficient? If they specifically identified the document or even category of documents that they have considered and then expressed their conclusion from their review, why isn't that enough when we're looking at whether they considered it? I would assert that looking at a document is not enough when you cherry pick, when you an alien's claim. And there is evidence that does support the alien's claim. And if the BI wants to deny the motion, so be it. Analyze that evidence. Provide you with the meaningful ability to provide a meaningful review. They didn't. They didn't mention any of the increase. They didn't mention the 2010 labor camps. They didn't mention the 2011 marked deterioration for government respect against religion. They didn't mention the 2012 prison sentences. Mention these documents. Mention this evidence. Tell us why it's not enough. But doesn't the law permit the BIA to do it in a summary fashion as they did here, where they say the evidence presented may suggest some incrementally stricter enforcement of restrictions against religious practices in churches? The BIA obviously told the reviewing court it was aware of this fact. It's on page 3 of its opinion. I think it's page 5 of the appendix. In the context of having also recounted its assessment of the country condition reports where those reports all say it continues to, the conditions continue. So isn't that enough for us to see that the BIA fulfilled its requirements under our case law? I would say no because the word continue does not, for lack of a better word, disallow a simultaneous showing of an increase. Yes, we have a continuing problem, but there also has been an increase. Yes, the problem has continued, but the evidence shows us this. Just because they keep using the word continue doesn't mean they've analyzed the other evidence to show the heightened increase. I don't have any statistical evidence, but there seems to be an increase in the number of motions to reopen being based upon religious conversion and claim of changed country conditions so you can avoid the numerical and time limit bars on motions to reopen. Can you cite for me any case, any reported decision that has found there to have been a change in conditions in China, a material change that has allowed a motion, that has found that the BIA abused its discretion in denying a motion to reopen? I would cite the matter of lieu, LIU 7th Circuit, which this court asked us, the petitioner and respondent, to be prepared to address in our argument. The lieu case involved a change of personal circumstances in conjunction with a material worsening of country conditions. And Your Honor, without the material worsening of country conditions, not a single motion to reopen would be granted because that is the criteria, not the change of personal circumstances. That's just the first step. Once you establish that you've been baptized and you've converted, you must show evidence of a material worsening of country conditions. But for the country reports that show a worsening of country conditions, a lieu in other cases would not be granted. But if you follow up on what Judge VanAskey just asked you, if you look at our non-presidential opinions, and I recognize they're not binding on a panel, they really fall into two categories. One category is the BIA needs to go back and be more transparent in its thinking, basically the argument you're making to us. The other category is a deny of the petition, concluding that based upon virtually identical evidence that you presented in this record, that there has not been a showing of changed country conditions. So harking back to Judge VanAskey's question is the only case that you can identify where a reviewing panel has said, yes, there are changed country conditions. Is it your representation that the lieu case actually says that? I am representing that it actually says that. And is there any other case that said that? I would only cite two non-presidential decisions by this court in 2015 where the facts are almost... But those are they, are they Lee and Lely? They're Lee and Lely. Okay. And in those cases, what happened there was a remand because the panel was not satisfied with the BIA's opinion. Yes. It wasn't a view of whether the country conditions actually changed. It was a dissatisfaction of what the BIA said. That's correct. And that's the same thing we would urge for this panel today is to remand it back to the BIA to allow them to do the proper analysis. I don't believe it's this panel's jurisdiction. I guess the problem I'm having, Mr. Yearman, is that there are a number of decisions out there that have looked at the substantive decision, including a decision from the seventh circuit, Lijiu Liu versus Holder from 2014, where the court said there was a... And this was comparing things between 1999 and 2011. So not quite up to this date, but 1999 to 2011, they cited the 2011 religious freedom report that protections for religious freedoms have deteriorated in China. But then the court goes on to say, but we have already concluded that this isolated statement in the religious freedom report does not specify the timeframe in which the conditions deteriorated, how much conditions deteriorated, or in which regions the conditions deteriorated, and found no abuse of discretion in denying the motion to reopen. Our motion to reopen provided an analysis of the country reports beginning in 1999 through 2012, international religion report that came out, I believe, in December of 2012. It provided a paragraph citing where we thought it evidenced material worsening of country conditions. This BIA did not provide that same analysis to you, did not explain why that's not good enough, why just reading the same we read in the State Department reports just simply isn't good enough. If you read it, then analyze everything, including the evidence which is favorable to aliens, and then say why it does or does not. The BIA is only required to consider evidence that's material. Yes. Right? And among the things you included was a category of documents on news in Fujian province, but your client is not from that province. Isn't it reasonable to simply excise those in terms of our review of what the BIA did here in failing to mention those, because their relevance seems quite attenuated, doesn't it? That may be the case, Your Honor. But when you're talking about country conditions, you must submit evidence from all provinces. And if we go back, I think that's a secondary level of evidence, and the primary source of evidence in the State Department reports is what we're asking the BIA to properly analyze. Tell this Court why the 2012 report, which stated there was marked deterioration, prison sentences, labor camps, housed with mentally ill, an increase, the word increase, in disrespect or respect for religion. Why is that not enough to meet the burden of material? But that's the one category of evidence that they did explicitly say they were considering. Right? Saying they considered it and providing an analysis are two different things. So where in our case law do you draw a requirement beyond identifying the particular documents and stating that they considered it, that the Board actually undertake a substantive analysis and discussion of the content of those documents? Can I provide my answer on my rebuttal? You can. I've reserved. Okay. I'd also like to follow up on Judge Vinowski's question earlier about there has been a seemingly an increase in successive motions to reopen. Yes. We observed in your brief and some of the briefs that you filed in this circuit and elsewhere that there are portions of those both as to the factual recitations and legal arguments that seem to be taken and repeated verbatim. What do we make of that? What should the BIA make of that in seeing sections of both factual representations and legal arguments that seem to be verbatim repeated across different cases? Well, thank you for that question and the opportunity to respond instead of just drawing a conclusion. I appreciate that greatly. I represent a significant amount of clients who are from a similar area of China. Their community are close-knit community. Their community seems to have grown. The religious practices in their community seem to have grown. And so when somebody comes into my office and says that they've now converted to Christianity and they want to see if they can reopen their case, we'll do a quick analysis to see when they were ordered removed and what the current country reports state. And after that analysis, you do have a significant amount of people who have very similar facts. I came to the country. I've been ordered removed. I've converted to Christianity and now I'm afraid to go back. Now, none of the names are ever the same. None of the reasons for them going to church are ever the same. But the basic facts are the same. I'm a Chinese national. I've been ordered removed. I'm afraid to go back. Here's what the country reports say. But in one of your cases, I'm sorry since we're discussing this, the reasons were the same. An ill family member, which is our case, advice from someone who saw that the petitioner was upset about it, suggested perhaps turning to religion may be helpful. In the first Lee case from 2015, that's the same sequence. That was false. So the facts do seem the same. Some of them, they'll inevitably will be the same. There's a familiar bond, especially between people, Chinese and their grandparents. So a lot of times the Chinese grandparents will be the one who raise them because the parents will be off working. So I've seen myself a lot of times where the grandparent will be dying or will have died. The person is dismayed and they have nobody here. They don't have a parent here. They have nobody here to guide them. So they end up in church and then in church they grieve. They're provided counsel and they're provided guidance how to be an adult and a member of the community. So I think if you ask a bunch of people from New Jersey how they felt about their family, they would all say the same thing. It doesn't mean they've colluded. It's just you have a Chinese population who are very similar and the community is aware of the turning the option of religion out and so more and more people are gravitating towards that. And so you're just presenting the facts as presented to you and your staff. I've been told I need to ask, do my due diligence and ask them to explain to me what drove them to church. How did they get to church? What motivated them? And then after that I'm supposed to present their case and represent them. I understand. Thank you for your answer. All right. We have some more questions. So we're going to ignore the clock for right now, okay? I appreciate your explanation. That is a good segue into the issue that we ask the parties to be prepared to address their argument. And that is when someone, after learning of their removal order, opts to undertake some change in personal characteristics that then renders relevant change country conditions, why isn't that and the situation we have here simply a change in personal circumstances rather than one that should take us into the question of change country conditions at all? Well, because a change in personal circumstances simply is not enough to meet the burden to warrant a reopening. A change in personal circumstances is what the court and the BIA and the government is afraid of. People changing their personal story only to derive an immigration benefit to allow them to stay here. That's simply not enough. You need that country report, that change in material change in country conditions in conjunction with the personal circumstances to be prima facie eligible to even file a claim. But we have also suggested that in Kahn that even a mixed petition that we will focus on the fact that there was a triggering event, the change in personal circumstances, and would deny on that basis. People come to me in my office to share with you and say, I'm a member now of the Chinese Democratic Party. I'm a member now. I've now practiced Falun Gong. And my response to them is, okay, I understand, and you have a fear of returning. But the repression against the Chinese Democratic Party has been longstanding and there has been a very little increase. The outlaw of Falun Gong began in 1998. There's been no increase. It's been outlawed. You will be persecuted since then. There's no increase in those changed personal circumstances. So if you just join an organization without, as I mentioned, evidence from State Department reports showing the material change in country conditions, then you have no claim. The statute itself talks about a motion to reopen being authorized must be based on, I'm quoting now, based on changed country conditions arising in the country of nationality. Which materially affect the petitioner. Right. Correct. The conditions here doesn't arise from the whole genesis for the motion to reopen. It's her change in personal circumstances, not a change arising in the country of nationality. Well, I respectfully disagree because she was ordered to be moved in 1998. And it's our position that the country reports have shown a worsening of country conditions since 1998. And her change in personal circumstances was only the first step into filing the required reading of the burden of the statute. But you've abandoned, you know, in 1998 she sought to avoid removal based upon population control policies. You allege that again in this motion to reopen that they've gotten worse, but you didn't pursue that on appeal. We have not. We've rested on that in light of the law that went into effect January 1st that says you're allowed to have two children now. I don't know how that's going to affect, and I'm not prepared to argue that. So we are withdrawing that. But Your Honor, if the country conditions for Christians have worsened in China and a person has not converted to Christianity, it's irrelevant to them. Right. So you have to have both.  Are you a Christian? And they said no. I said, well, you can't, you're not eligible to file. So you have to have both. But don't we take from Kahn, and perhaps there's some tension in our circuit as we identify in the question to the parties, that even a mixed petition is insufficient if the triggering event is, it's as riveted but for a causation effect of the personal circumstances changing. Well, I guess we'll have to review it. What came first, the worsening of country conditions or somebody converting to Christianity? And I'm not really sure what the answer to that would be because I know without one, you can't have the other. And meaning if you don't have the worsening of country conditions, it doesn't matter what your personal circumstances, how much your personal circumstances have changed, you do not have a meritorious claim to reopen your case. Can we reach this question? If we view this as an opportunity to address some tension in our circuit case law where the board did not address changed country conditions under the Chenery Doctrine, are we able to look at that as a potential ground and address it on the one hand? On the other hand, can you address for us perhaps the other extreme possibility and that is since what we're talking about is an exception to the limitation on time and number for motions to reopen, which goes to the question of jurisdiction, whether this was timely filed and whether we can even consider it. Do we have to address it because it ties back to our jurisdiction? I'll have to do a little research and respond to that, Your Honor. Maybe with a 28-J letter. I'm not sure if I'm prepared to today. Okay. Thank you. Thank you. Anything else? Thank you. All right. Thank you, Mr. Yellman. Mr. Robbins? Did you come from D.C.? Yes, I did. How was your commute? It was pretty simple, Your Honor. Good. My son lives in the D.C. area. He works for the Department of Justice. He's still at home today. Yes, we were closed in D.C. today. May it please the Court, I'm Jonathan Robbins, here on behalf of the Respondent, Loretta Lynch, the Attorney General. Good morning. Good morning. The issue in this case, as I think has been well discussed, is whether or not the Board abused its discretion in denying petitioners a motion to reopen proceedings. There is no dispute that the motion was untimely. A number of parts of the question is whether the Board abused its discretion in determining that the petitioner didn't need an exception to that. Can we go to Judge Krause's question? Is it proper for us to address this question of a mixed motion to reopen and reach the question of whether one that is based upon a change in personal circumstances should not be allowed? I'm not sure that it's entirely clear. The Board, in its decision, didn't make a finding saying that this constituted, at its core, a change in personal circumstances. They only made two findings. One, that there was no change in country conditions, and two, that the petitioner did not establish a prima facie case for relief. The problem with that is, I think the reason the Board did that is because, as Judge Schwartz alluded to earlier, there's some tension in this Court where the Board has previously been admonished for doing just that, framing the argument as one of personal circumstances. And the courts, including this Court in some cases, have admonished the Board for saying, if they present evidence of change in country conditions, you really have to give due consideration and show us that you consider that evidence. So the Board, in this case, I think, reflects a response to that case law where it didn't even get into personal circumstances because what would be the point? Since they have to look at the change in country conditions anyway, that's what they did, and I think that's what the Board did here pretty, in a well-reasoned way, in a way that's amply supported by the record evidence. Now, conversely, you could also make the argument, you know, a change in religion is pretty self-evident to be a change in personal circumstances. Does the Board have to say that the sky is blue? I don't know. Ultimately, I think that's, I mean, you could go both ways, but I tend to think that under Chenery, given that the Board didn't make a determination in that regard, maybe, I don't know. It's not, like I said before, it's not entirely clear. I guess that's ultimately within the judgment of Your Honors. I'm not sure what to do in a circumstance like that. What about the flip side of that? That is, does it affect our jurisdiction? Is it something that we need to consider, regardless of whether the Board expressly addressed this as a question of a mixed petition or not? Well, I don't think you have to address it, since there are other dispositive findings in the case. The petitioner's failure to demonstrate changed country conditions arising in China with respect to the treatment of non-registered Christians, and also the finding that petitioner did not demonstrate a prima facie eligibility for relief. So you don't have to reach the issue of whether this is, at its core, personal circumstances. If it affected jurisdiction, we would have to address that as a threshold matter, right? I'm sorry, what? If it affected jurisdiction, we would need to address it as a threshold question. I'm not sure how it would affect the Court's jurisdiction. Given what we're examining, whether there is an exception to the time and number bar on a case being heard. Well, the governing regulation pretty clearly sets forth that the exception has to be country conditions arising in the country of nationality that are material to the claim. The regulation doesn't say anything to the extent of personal circumstances, which is why I think the Courts are all in agreement that a change in personal circumstances on their own is not sufficient to warrant reopening. But the question here is when we're faced with a mixed petition. Right. Whether that change in country conditions exception applies. It gets back to the problem, though. The Board didn't treat it as a mixed petition in this case. They just only addressed the issue of change country conditions and then prima facie eligibility. They didn't make a finding saying that this is, at its core, an issue of personal circumstances. So, again, there's that sort of problem that I started out discussing. Now, if you're interested and you do think that there is ultimately that this is an issue of jurisdiction, there's a case in the circuit. It's not published. It's unpublished, so it's not binding precedent, but it is particularly instructive. It's Lee Zhang versus U.S. Attorney General. In fact, it makes a very good analysis, I think a very persuasive analysis of the two cases that were cited in the Court's letter here, the Zhang case and Judge Posner's case in the Seventh Circuit. And it actually discusses those two cases at length. In fact, I have it right here. Some of the findings that it makes in that case are particularly pertinent here. It says, you know, the claim appears to be founded at its core on changed personal circumstances. It addresses the discussion that you've discussed with respect to the mixed, where you have a part change in personal circumstances and part change in country conditions. And it really comes down on the favor of saying that the triggering event is the personal circumstances and they deny the petition for review on that basis. The facts of the case are extremely similar to the facts that we're dealing with here today. I think the reasoning in that case... That's an opinion by Judge Greenberg? Yes, yes. I think the reasoning in that case is also bolstered by when you look at the Supreme Court's sort of seminal cases about motions to reopen with respect to immigration proceedings. Specifically, I'm thinking INS against Abadou. The Supreme Court, I think, has pretty definitively come down  in these motions to reopen cases, giving the Board a wide latitude of discretion because they're concerned about the potential for abuse. About the language they use, I think, are aliens creative and fertile enough to produce new and continuous claims for relief. So to the extent that that decision is bolstered by the Supreme Court, I think that, you know, it's somewhat persuasive even if it's not a reported decision. Is the change in religion, though, with the types of fundamental rights that are implicated different than other types of changes in personal circumstances? Well... Well, for example, if you take the cases that arose out of the family planning policy, I think in the situation of the conversion to a religion, the opportunities for abuse are greater. I'm going to give humanity the benefit of the doubt here and say that people don't normally have children for fraudulent purposes. So in the conversion to a religion, the chances for abuse of the system seem to be greater, so the Supreme Court's rationale coming down on the side of litigation seem to be stronger in a case like that. Now, conversely, there's also a sort of maybe hidden philosophical question in there about whether a conversion to religion is a choice of petitioner. I think there are arguments, maybe from religious people, that might say that it's not actually a choice. You know, it's more of a philosophical thing. Maybe they felt a calling. That's a bit of a confusing issue. I don't know that the Court necessarily has to get into that. I would appreciate from the government as well as Mr. Uriman a 28-J letter that addresses this issue of whether we even could reach the question of mixed petition and the implications for jurisdiction. That is, do we have to reach the question as a threshold matter to the extent it is feeding into whether an exception to a time bar otherwise applies? Okay, I can certainly provide you with a 28-J letter. Although, in fairness, I'm not, again, I don't know exactly what the answer will be because as I've, I hope I've made clear, I don't know that it's entirely clear. I think I can make an argument in both ways and I'll find out what the government wants to do and which position they want me to take. I think that would be helpful to find out what the government believes the position should be. You may be of the opinion that we can't address it and the government may be of the view that, no, it's not proper for us to be inquiring into this. We'll make our own determination obviously, but I think it would be helpful to know the government's view. Okay, I'll certainly provide the court with a 28-J letter to that effect. Could you turn to the sufficiency question? Because we have here a BIA decision that seems to fall somewhere between Zhang and Liu. Is it sufficient to make the statement that there has not been a a the Chinese persecution of Christians as a long-standing problem and to identify a category of documents that has been reviewed? Well, I think that I want to say right up front, I think the board was well within its discretion to address the evidence this way. I think that the explanation of the evidence is sufficient. Your Honor alluded to the case law that says that the board is not required to expressly parse and refute through every single document in the record. I think what the board did here is to take a sort of cumulative look at the record evidence. And even if you just get outside of what the board did and you look at the evidence yourself in the record, I think you probably come to the conclusions that the board did. There are three main things that sort of jump out. One of which sort of favors petitioner and two of which sort of favor the argument for the government. The first is that there definitely seem to be some problems for unregistered Christians in China. That obviously favors petitioner. The next thing you sort of notice in the documentation is that it's been that way for quite some time. The reports indicate that the State Department has labeled China an area of particular concern since 1999. The evidence does seem to indicate that this has been going on for quite some time. These are arguments that you are making and as an excellent advocate are drawing from the record to identify them and then engage them. But under the Chenery Doctrine, we have to look at the board's actual rationale. The board did not do that here. The board definitely talked about how things have been the same since 1999. If you look at page two of the agency's decision, it's not material to demonstrate a material change since the time of respondents hearing in 1999. Isn't that a conclusory statement? It goes on to say that it goes on to say why it actually cites two different parts of the record where the State Department reports talk about the 1999 issue and when the State Department decided to label China as an area of particular concern. So the board is always in every case going to be subject to this accusation of cherry-picking because they're going to look at the documents and make a conclusion and then point to the part in the document that supports their conclusion. But to do it the way my colleague has suggested, they would have to go through the entire document and label each adverse line in the State Department report. It's not really I think the courts, there's a presumption of regularity with the board that when they cite to the particular document that they've considered that document in its entirety and when they make a decision, they're not cherry-picking they're making their conclusion. Where would you draw our attention to in the BIA opinion for where it gave meaningful consideration to what the petitioner would consider quote favorable evidence? Well, Your Honor actually alluded to that specific line in the board's decision in the argument with my colleague where it talks and it acknowledges openly that there has been some evidence suggesting an incremental increase of problems for unregistered Christians in China. But it also goes on to say that the evidence in that regard shows that the likelihood of persecution is low and the evidence supports that in this record. Would you say that this BIA opinion is more complete than the ones in Lee and Lee-Lee which we've discussed? If you're familiar with the BIA decisions, there were, I think Judge McKee was the author of both opinions where he asked for them to be returned to the BIA for I think so, because the board has specifically listed the documents that it's considered. It's gone into those documents. Yes, does it make cumulative assessments of what's in those documents? Yes, and when the board does that, it's always going to be subject to an accusation of cherry picking because obviously whoever the opponent is going to say that no, the evidence doesn't say that and they should have weighed the evidence in a different way. But in terms of the abuse of discretion standard, I think this is well within the board's wide latitude that the Supreme Court has discussed, the wide latitude afforded to the board in these cases. How about the China Aid reports? Other than a reference to an incremental change which I'd like to come back to, how is there any indication that they even consider the China Aid reports? I believe that some of the sites that they have here are sites directly to the China Aid report. I think there's one on page 173 that they cite to if I'm not mistaken. I would also note that when the board talks about the incremental increase, a lot of that is in the China Aid report as well. What's referenced at least I believe in the 2003 report I'm sorry, 2013 report is persecution being statistically represented at 550% worse than in 2006. Is that incremental? Well it has to be in a way that was material to the claim. That's actually a little bit of a confusing issue because normally when we're looking at whether a change is material any time a petitioner has to show a change it's not just a change that they have to show. They have to show a change that's material to their claim. Now suppose a petitioner had been a Christian since 1999 at the time of his hearing. What he would have to show is that there would be a change in the outcome of his case at the time of 1999 and the time in 2015 I think this was. And that's how he would show that the change was material. That analysis becomes somewhat problematic when there's a post-removal conversion because he can't go back to 1999. Essentially what the board does is it assumes he's a Christian in 1999 when it's looking at that evidence but technically that change doesn't become material which is the critical element there until he converts post-removal. Has there been a reported decision that found a material change in country conditions from 1999 to today with respect to treatment of Christians? Not that I could find and I would disagree with my colleague's assessment of Judge Posner's decision. In fact, if you look at the very end of Judge Posner's decision in the Lew case what he says is, sort of as an afterthought before he ends his decision is occasionally the latter reports repeat almost attitudes towards the house churches from earlier reports suggesting no increase in harassment or persecution. As a throwaway, he dismisses that because he says the board didn't address that and he says that's not sufficient so he sends it back down to the board. But even he's sort of conceding at the end of his decision that there may not be a change in country conditions. So I would disagree with the characterization that that's what that decision says. Obviously Judge Posner has some problems with the process of the board's decision in that case. I think that should be evident from that decision. And again, I would refer the court to the unpublished decision, although not binding very persuasive case in Lee-Zang v. Holder, which really discusses this Seventh Circuit case at length in comparison with this court's decision in Zan and really comes down on the side of Zan. Again, that decision is very, very well bolstered by Supreme Court law with respect to these motions to reopen. At one point the board says that the burden of proof in a motion to reopen is on the alien to establish eligibility for the requested relief. That misstates the actual standard. The alien doesn't need to establish eligibility. I'll only make a prime facia showing. I'm sorry, what is that? Let me refer to that language and make sure I understand you correctly. That's a page three of the board's decision. Which page? Page three. Where are we looking here? The final paragraph? Oh, the burden of proof in a motion to reopen is on the alien to establish eligibility for the requested relief. I think it's probably misstated. They meant to say probably prime facia eligibility, because that's the analysis they jumped directly into after that. That may be what was intended, but that's not actually what is stated. Under those circumstances, if we have any concerns about the board's application of the proper standard, is that a reason for us to remand? The sentence right after they say that is we find the reports of some members, mostly members, is inadequate to prima facie demonstrate. So it looks like even though they may have misstated that earlier, they quickly correct themselves and make it clear that they're looking at prima facie eligibility. Couldn't we read that statement to mean eligibility for requested relief meaning the eligibility for the motion to reopen to be granted? It's possible, yes. But it's your view that the prima facie standard was what was being applied in the analysis portion? Yes. So unless there are any further questions... No. Okay, thank you very much for your time. Thank you. Do we have rebuttal time reserved? All right, very well. Three minutes? Thank you. Your Honors, it's the petitioner's contention that the BIA's decision contains one sentence analysis. The evidence indicates the mistreatment of some underground church members by the Chinese government has been a long-standing problem. Blah, blah, blah. That's not enough. We submitted country reports between 1999 and 2012. Country reports which the BIA says should be given great weight. If you review those country reports in totality, you'll see that between 2000 and 2004 there was a steady increase in participation in Christianity in China. And as a result of that, in 2005 they implemented new regulations. And then in 2007 they started cracking down for people who were violating these regulations. And then in 2008 they said only normal religious practices will be permitted. And then in 2009 and 2010 and 11 there's evidence of, as I mentioned, mental facilities, prisons, labor camps, so on and so forth. A proper analysis of these reports cannot be conducted in one sentence. This court has said in the CHU that if evidence is rejected, an explanation as to why it was rejected is required. We respectfully would ask this panel to remand the case back to the BIA for them to provide a proper analysis for this court to conduct a meaningful review. Thank you for this opportunity to speak before the court today. Any questions? Thank you. No, but I do want to say the arguments were well presented. We'll take the matter under advisement. I want to compliment our young visitor here today who is excellent and good to have. And we'll stand now in we'll have a seven page limit on the 28 J letters. Okay? How much time do you want? Whatever you feel appropriate. If the government is going to be making a position as to whether or not to make a position as to jurisdiction, I would prefer to wait for the government's position. So, if we can have 30 days? That seems too long to me. How much time do you need? I'll work on it as soon as I get back. So, a couple of days. Seven days each side, all right? Yes, Your Honor. Thank you.